ELLEN TRAILOR *et al.* Appellees, *vs.* BENJAMIN HARVEY *et al.* Appellants.

*Opinion filed October 26, 1912—Rehearing denied Dec. 6, 1912.*

DEEDS—*when a decree setting aside deed will be affirmed.* A decree setting aside a deed will be affirmed where the evidence, although conflicting, establishes that the grantor was old and afflicted with paralysis; that she died of total paralysis ten days after executing the deed; that she was physically and mentally feeble and susceptible to the influence of the grantee and his wife, with whom she was living; that the grantee was active in procuring the execution of the deed and an order for the destruction of the grantor's will, which disposed of the property to the grantor's church, and that the grantor was unable to read or write and signed both the deed and the order by making her mark.

APPEAL from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

F. M. HARBAUGH, and E. J. MILLER, for appellants.

F. J. THOMPSON, and JACK, DECK & WHITFIELD, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the appellees against the appellants, in the circuit court of Moultrie county, for the partition of two small parcels of real estate situated in the village of Sullivan, in said county, between the heirs-

at-law of Millie Ann Harvey, of which it was averred the latter died seized, and to set aside as a cloud ·upon the title to one of said parcels a deed bearing date September 24, 1910, made by Millie Ann Harvey to the defendants Benjamin Harvey and A. H. Harvey, husband and wife, for their lives and in fee to their minor child, Bertie H. Harvey, subject to a life use thereof reserved to herself by Millie Ann Harvey. An answer and replication were filed, and the cause was referred to a master in chancery to take the proofs and report his conclusions. The master took the evidence and filed a report recommending that the prayer of the bill be granted, and the court, after over-ruling exceptions to the master's report, entered a decree setting aside said deed and decreeing that said premises be divided between the complainants and defendant Benjamin Harvey, from which decree the defendants have prosecuted this appeal.

It appears from the record that Millie Ann Harvey, a widow, seventy-four years of age, was seized in fee of two small parcels of land in the village of Sullivan, upon which were situated dwelling houses; that she was the mother of complainant Ellen Trailor and the defendant Benjamin Harvey, and the grandmother of Leslie Harvey, ·William Harvey, Carrie Greist, Walter Harvey and Millie Shafer, the children of her· deceased son, John Harvey, who were her sole heirs-at-law; that said Millie Ann Harvey was in feeble health, and on the tenth day of September, 1910, she went to reside with her son, Benjamin Harvey; that on the 24th ·day of September, 1910, she executed, without consideration, the deed sought to be set aside, which was placed on record by the defendant Benjamin Harvey; that she died on the third day of October, 1910. Prior to the execution of said deed Millie Ann Harvey had been with her grandchildren in California, and after her return to Illinois had lived alone in one of said dwelling houses and a part of the time with her daughter

and other relatives. At the time she went to live with her son, Benjamin, she had some ·cash on deposit in a bank at Sullivan and her will and other papers were in the bank. A day or two before the execution of said deed Benjamin Harvey drew the cash from the bank upon checks signed by her by her mark, and obtained her will, which he afterwards destroyed, by a written order signed by her by her mark, and through his intervention a justice of the peace came to his home and prepared a deed from her to him for one of the parcels of land in Sullivan, which was signed by her by her mark and acknowledged before said justice of the peace but which said deed was afterwards found to be defective. Thereupon Benjamin Harvey went to a lawyer in Sullivan and had a new deed prepared from her to him for said premises, which was signed by her by her mark, and acknowledged by her before the same justice of the peace who had prepared the first deed, and that deed was filed for record by Benjamin Harvey and was recorded.

There were some sixty witnesses examined before the master upon the question of the mental capacity of Millie Ann Harvey and her ability to intelligently execute a deed, and their evidence is in irreconcilable conflict. Many of the witnesses testified she had the mental capacity to transact ordinary business and to execute a deed, while numerous other witnesses testified she did not possess the mental ability to intelligently transact business or execute a deed. It is, however, undisputed that she was seventy-four years of age; that she could not read or write; that she was in very feeble health; that she was surrounded by her son and his wife, the beneficiaries in the deed, and their family; that Benjamin Harvey was active in bringing about the execution of the deed, and that within a week or ten days after its execution the grantor died. We think it would serve no useful purpose to set out in this opinion the testimony of the witnesses who testified upon the question of the mental capacity of Millie Ann Harvey at the

time she executed said deed or to review at length their evidence bearing upon the question of her mental capacity to intelligently transact business and to execute a deed. Suffice it to say that the master in chancery saw and heard the witnesses, and his report that Millie Ann Harvey was incapable of intelligently executing a deed was approved by the chancellor.

We have read the evidence of all the witnesses as abstracted, and are of the opinion it demonstrates that Millie Ann Harvey was in a weak and feeble condition, physically, at the time she executed said deed and that she was in a mental condition which rendered her susceptible to the influence of those who surrounded her; that Benjamin Harvey was actively engaged in causing her to execute said deed at the time it was made; that prior to the time she went to his home he stated she was not competent to do business. From this evidence we are impressed with the view that the deed set aside by the trial court was executed as the result of the enfeebled physical and mental condition of Millie Ann Harvey and the activity of Benjamin Harvey after she arrived at his home, and that the circuit court did not err in setting the deed aside. Prior to the time she went to his home she appears to have had no intention of giving her property, or any part of it, to him, but had made a will in which she had given it to the church of which she was a member; that shortly after she became an inmate of his home that will was destroyed and she executed the deed set aside by the decree of the trial court and died within a few days, of total paralysis, which was the result of the disease with which she was afflicted at the time she went to the home of her son.

Finding no reversible error in this record the decree of the circuit court will be affirmed.          *Decree affirmed.*